SHILLITO CO. v. SHANLEY, Admr.

Ohio Appeals, 1st Dist., Hamilton Co.

Decided March 8, 1926

225. CHARGE TO JURY—It is not error to fail to instruct that if a minor was on sidewalk, a truck driver need not get off his truck and ascertain whether said minor was in rear of truck before backing up.

355. DAMAGES—When instructions upon the question of damages do not exclude earnings of a minor before he is 21, in an action for wrongful death, not error.

BUCHWALTER, J.

This action was brought in the Hamilton Common Pleas to recover damages for the

wrongful death of a minor by the administrator of the decedent for the heirs and next kin.

The petition stated that a truck belonging to John Shillito Co. stopped upon a certain street and the driver entered into conversation with three boys, one of which was John Shanley; that said Shanley stepped to the back of the truck, evidently to see what was in it and the driver it was alleged, "knowing him to be there or under exercise of ordinary care, should have known, backed up running over him in violation of the statutes of Ohio and the ordinances of Cincinnati then in full force and effect."

The answer of the Shillito Co. denied all allegations of Shanley and the jury found for the administrator. Error was assigned on numerous grounds the most important being first, that the court erred in not giving certain requested instructions and second, that there was error in the instruction as to measure of damages.

The Court of Appeals held:

1. The requested charge was in part that the fact that the children had been on the sidewalk prior to the backing up did not impose a duty on the truck driver to get off his truck and ascertain whether they were in back.

The court was not in error in refusing this charge as there is nothing in it to show that the children were on the sidewalk prior to the time the truck started to back and besides the court covered this matter fully in charging on a similar request to which was added "unless the jury believe from the evidence an ordinary prudent person would have done so."

2. The second ground of error was that the court did not exclude any earnings that a minor might have before he reaches 21 years and that the instructions of the court were erroneous because such earnings belong to parents and not the next of kin.

3. This action was brought for the benefit of the father, mother, brothers and sisters of the deceased, and the jury does not divide the fund nor does the trial court.

4. The defendant is not concerned with how the distribution is made and as this question was discussed and affirmed by the Supreme Court in 79 OS. 439, no prejudicial error was committed and the judgment is affirmed.

Judgment affirmed.

Attorneys—Cohen, Mack & Hurtig for the Company; John A. Scanlon for Shanley; all of Cincinnati.